PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| LONNIE MCCANN, | ) |
| | )    CASE NO.  4:25-CV-00673 |
| Plaintiff, | ) |
| | ) |
| v. | )    JUDGE BENITA Y. PEARSON |
| | ) |
| CORE CIVIC AGENCY, *et al.*, | )    **MEMORANDUM OF OPINION** |
| | )    **ORDER** |
| Defendants. | )    [Resolving ECF No. 1] |

Pending before the Court is *pro se* Plaintiff Lonnie McCann's Complaint against "Core Civic Agency (CCA)" ("Core Civic"), a private company that owns and manages private prisons and detention centers, as well as employees of Core Civic or the Northeastern Ohio Correctional Center ("NEOCC"), a private prison owned and operated by Core Civic.  ECF No. 1.  At the time he filed his complaint, Plaintiff was a pretrial detainee housed at NEOCC.  ECF No. 1.  Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2) which shall be granted in a separate ruling.

Plaintiff alleges that he was deprived of his constitutional rights to due process and free speech in January 2025, when he and other detainees at NEOCC were placed on lock- down with no commissary privileges for weeks, prohibiting him from purchasing hygiene items and stationery he needed to file materials in a state criminal case.  ECF No. 1 at PageID ##: 4, 6-7.

Plaintiff seeks damages and injunctive relief: $1,000,000.00 in U.S. Currency and an order requiring Core Civic to allow limited commissary privileges during lock-down.  ECF No. 1 at PageID #: 9.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are expressly required to

(4:25CV673)

screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Upon review, the Court finds that Plaintiff's Complaint warrants dismissal for failure to state a plausible claim. Plaintiff alleges claims occurring during federal custody. He cannot, therefore, sue for damages under 42 U.S.C. § 1983, which provides a remedy for constitutional rights violations committed by persons acting under color of state law. Although the Supreme Court created a limited private right of action for damages against individual federal government officials alleged to have violated a citizen's constitutional rights in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), Plaintiff's Complaint alleges no plausible *Bivens* claim. The Supreme Court has made clear that a private corporation (such as Core Civic) that operates a federal prison, and privately-employed personnel working in a privately-operated prison (similar to the individual Defendants Plaintiff seeks to sue) cannot be sued for constitutional rights violations under *Bivens*. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70–74 (2001); *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). Accordingly, under *Malesko* and *Minneci*, Plaintiff has no plausible damages claim under *Bivens* against any Defendant he names.

Additionally, Plaintiff has not alleged a plausible *Bivens* claim, even if he had named federal officials subject to suit. *Bivens* is a judicially-created cause of action that has been implied in limited circumstances. *See Egbert v. Boule*, 596 U.S. 482, 490-93 (2022); *Enriquez-Perdomo v. Newman*, — F.4th —, 2025 WL 2408658, at *3 (6th Cir. 2025). *The Supreme Court has recognized a Bivens* claim in only three contexts: a Fourth Amendment claim in the search and seizure context, a Fifth Amendment discrimination claim against a congressmen who fired a

(4:25CV673)

female secretary, and an Eighth Amendment claim for a prison official's deliberate indifference to an inmate's serious medical needs. *Egbert*, 596 U.S. at 490-91.  The Supreme Court instructed that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and that federal courts are cautioned from extending the remedy if there are "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy." *Id.* at 491 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)).  Here, Plaintiff's claims clearly do not fit within the specific contexts that have been recognized for *Bivens* suits, and there is no basis to imply a *Bivens* cause of action on his allegations.

Finally, the docket in the case makes clear that Plaintiff is no longer detained at NEOCC. Accordingly, any claim for injunctive relief he asserts relating to his conditions of confinement is moot.  *See Nunez v. FCI Elkton*, 32 F. App'x 724, 726 (6th Cir. 2002) ("To the extent that Nunez asserted a claim for injunctive relief against the defendants based upon their alleged failure to open his legal mail in his presence, his claim is moot in light of his transfer from FCI Elkton to MDC Brooklyn.").

## Conclusion

For the foregoing reasons, Plaintiff's Complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


August 27, 2025
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge

3